

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

KATHLEEN D. REILLY
*Assistant Corporation Counsel*
Phone: (212) 356-2663
Fax: (212) 356-3558
Email: kareilly@law.nyc.gov

April 1, 2020

**BY ECF**
Honorable John G. Koeltl
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Application granted. Parties should report to the Court on the status of the case by July 3, 2020.
> SO ORDERED.
>
> New York, NY    /s/ John G. Koeltl
> April 2, 2020   John G. Koeltl, U.S.D.J.

Re: Kareem Rose v. City of New York, et al.
20 Civ. 0295 (PGK) (BCM)

Your Honor:

I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney for defendant City of New York ("City") in the above-mentioned matter. Defendant writes respectfully to request a stay of the present civil proceeding in its entirety for ninety (90) days in light of the recent developments surrounding the COVID-19 pandemic. Plaintiff's counsel, Jeffrey Rothman, Esq., consents to this request.

By way of background, plaintiff brings this action, pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, an unlawful stop and seizure and false arrest as a result of his arrest on or about October 17, 2018. Plaintiff names the City of New York and Police Officer Anthony Sengco as defendants in this action. On January 14, 2020, this matter was designated for participation in Local Civil Rule 83.10. (ECF No. 7.) On February 11, 2020, the defendants were served with the complaint, and in accordance with the Court's February 21, 2020 Order defendants' answer is due on May 1, 2020. (ECF No. 11.)

As the Court is aware, the country is currently grappling with the COVID-19, or coronavirus, pandemic. On March 7, 2020, Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation. On March 13, 2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well. That same day, the United States District Court for the Southern District of New York ("Southern District") issued Standing Order 20 MISC 138, which encouraged individual judges to conduct court proceedings by phone and video conferencing where practicable. Also on March 13, 2020, the Southern District issued Standing Order 20 MISC 015, which suspended and tolled service of process requirements and deadlines. On March 16, 2020, the Southern District issued a Revised Standing Order that further limited access to courthouses.

On March 20, 2020, Governor Andrew Cuomo issued an executive order mandating that all non-essential businesses in New York State close and that New York residents stay inside their homes unless participating in an essential activity. Also on March 20, 2020, the Southern District issued a memorandum to the Bar that set forth additional emergency protocols, including limitations on courtroom use and operations for both criminal and civil matters. To comply with Governor Cuomo's latest executive order, and in light of pronouncements from other governmental and judicial officials, expert recommendations, and the further spread of COVID-19, the New York City Law Department is requiring that the vast majority of its employees work from home.

Working from home creates a number of challenges that directly impact litigation. For example, although most communication may be exchanged through the use of ECF or email, some correspondence, particularly correspondence pertaining to discovery, still requires the use of regular mail. The undersigned is not physically present to receive mail sent to the office, and therefore is unable to reliably receive correspondence from plaintiff. Moreover, working from home also complicates sending correspondence to plaintiff, and undermines efforts to keep individuals at home and away from situations that could result in contracting the virus.

As another example, working from home creates accessibility problems in regards to documents and files. Although some documents can be easily accessed remotely by electronic means, many documents cannot be so accessed, because of variables such as format or size. This inaccessibility prevents defendant from having all the information necessary to, *inter alia*, fully assess cases, respond to plaintiff's demands, and otherwise conduct regular business.

Finally, the agencies that defendant must regularly communicate and coordinate with, e.g., the New York City Police Department ("NYPD") and the various district attorney's offices, are facing these same communication and access challenges as they pursue compliance with Governor Cuomo's executive order and seek to protect the health and safety of the individuals in their organizations. These challenges have already made the fulfillment of document and information requests delayed or impracticable. Such delays and problems are expected to continue until individuals are allowed to return to their offices

For the reasons set forth above, this Office respectfully requests that the Court grant a stay of the instant litigation for ninety (90) days in light of the developing situation surrounding COVID-19. This will give this Office the time and opportunity needed to adjust to these new circumstances.

Defendant thanks the Court for its time and consideration.

Respectfully submitted,

*Kathleen D. Reilly*

Kathleen D. Reilly
Assistant Corporation Counsel

cc: **By ECF**:
Jeffrey A. Rothman, Esq., *Attorney for Plaintiff*