

**THE CITY OF NEW YORK**

| | LAW DEPARTMENT | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | 100 CHURCH STREET<br>NEW YORK, NY 10007 | **KATHLEEN D. REILLY**<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-2663<br>Fax: (212) 356-3558<br>Email: kareilly@law.nyc.gov |

August 25, 2020

**BY ECF**
Honorable John G. Koeltl
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Application granted.
> SO ORDERED.
>
>                 /s/ John G. Koeltl
> New York, NY    John G. Koeltl
> August 26, 2020  U.S.D.J.

        Re:    <u>Kareem Rose v. City of New York, et al.</u>
                  20 Civ. 0295 (JGK) (BCM)

Your Honor:

        I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney for defendant City of New York ("City") in the above-mentioned matter. Defendant writes respectfully to request a stay of the present civil proceeding in its entirety for ninety (90) days in light of purported defendant Police Officer Anthony Sengco's military leave. Plaintiff's counsel, Jeffrey Rothman, Esq., does not consent to this request.[1]

        By way of background, plaintiff brings this action, pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, an unlawful stop and seizure and false arrest as a result of his arrest on or about October 17, 2018. Plaintiff names the City of New York and Police Officer Anthony Sengco as defendants in this action. On February 11, 2020, upon information and belief, the defendants were served with the complaint, and in accordance with the Court's February 21, 2020 Order, defendants' answer was due on May 1, 2020. (ECF No. 11.) On April 1, 2020, however, with plaintiff's consent, defendant moved for a stay of the case due the COVID-19 pandemic. (ECF No. 12.) On April 2, 2020, the Court granted that request, and the case was stayed until July 1, 2020. (ECF No. 13.)

        By letter dated July 2, 2020, the parties informed the Court that they were prepared to move forward with this case, and the Court granted defendants until September 1, 2020 to answer or otherwise respond to the complaint. On or about July 10, 2020, however, our Office learned Officer Sengco was on military leave, with his military orders extending through

---

[1] Plaintiff has informed the undersigned that he intends to move for removal from Local Civil Rule 83.10. Defendant opposes plaintiff's request, and will respond further upon receipt of plaintiff's anticipated motion.

August 21, 2020. Thereafter, under the United States Code of Federal Regulations, Officer Sengco has 90 days from the conclusion of his military service to inform the NYPD if he will return to his prior position. See 20 CFR § 1002.115(c). As such, Officer Sengco has until November 19, 2020 to inform the NYPD if he will return his employment with the department.

Due to his military service, Officer Sengco is entitled to a stay of proceedings under the Servicemembers Civil Relief Act ("SCRA") 50 App. U.S.C.S. §522, et seq. Because of his active military status, this Office has been unable to resolve representation with Officer Sengco. Based upon our investigation of this matter thus far, however, this Office believes the case cannot proceed without Officer Sengco's participation, as he was the arresting officer and is the only individually named defendant at this time. When an individually named defendant is necessary for the defense of the City of New York, the only other defendant, it is within the broad discretion of the Court to stay the matter beyond the letter of SCRA, and prevent prejudice to the defense of this matter by staying discovery altogether. See Perez v. City of New York, et al., 19 Civ. 02351 (LAK) (OTW), ECF No. 16 (S.D.N.Y., Ona T. Wang, July 10, 2019) (staying proceedings pending individually named defendant's return from military deployment). Moreover, because, upon information and belief, the need for the stay at this time is limited to 90-days, it is defendant's position that plaintiff will suffer no prejudice if this request is granted.

Accordingly, defendant City respectfully requests that the Court stay this action for ninety (90) days, pending Officer Sengco's return to active service with NYPD. Defendant further suggests that, to the extent the Court is inclined to grant the within request, the undersigned will file a monthly status report[2] to advise the Court as to Officer Sengco's anticipated return to active duty and the City's ability to proceed with the defense of this action. Defendant thanks the Court for its time and consideration.

Respectfully submitted,

Kathleen D. Reilly
Assistant Corporation Counsel

cc: **By ECF**:
Jeffrey A. Rothman, Esq., *Attorney for Plaintiff*

---

[2] To that end, the undersigned will inquire monthly with the NYPD to determine Officer Sengco's status, in the event he returns to the NYPD earlier and thus allows the City resolve representation and respond to the complaint sooner.