UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KAREEM ROSE,

                Plaintiff,

   -against-

THE CITY OF NEW YORK; POLICE OFFICER
ANTHONY SENGCO, Shield No. 12494; POLICE
SERGEANT JOSE HERNANDEZ, Shield No.
04180; JOHN DOES; and RICHARD ROES,

                Defendants.
-------------------------------------------------------------X

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

20 Civ. 295 (JGK)

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff KAREEM ROSE seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York.  Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.    This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.    The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

1

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on October 24, 2018, within 90 days of the incidents complained of herein. More than 30 days have elapsed since service of the Notices of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiff was at all times relevant herein a resident of the State of New York, New York County. Plaintiff is African-American.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which act as its agent in the area of law enforcement, and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk

attaches to the public consumers of the services provided by the New York City Police Department.

9. Defendants SENGCO, HERNANDEZ, and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), municipal agencies of defendant THE CITY OF NEW YORK.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants SENGCO, HERNANDEZ, and JOHN DOES are sued individually.

10. Defendants HERNANDEZ and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

Defendants HERNANDEZ and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

11.     On October 17, 2018, at approximately 9:30 p.m., Plaintiff was on the sidewalk at the intersection of W. 119th Street and Lenox Avenue, New York, NY.

12.     Two male plainclothes JOHN DOES NYPD Officers (one who looked to be white, and one who looked to be possibly Hispanic or Asian) – on information and belief Defendants SENGCO and HERNANDEZ – pulled over an unmarked NYPD car, and emerged from it and approached Plaintiff.

13.     The white-looking JOHN DOE told Plaintiff, in sum and substance, that Plaintiff was being recorded and that Plaintiff should take Plaintiff's hand out of Plaintiff's pocket.

14.     The white-looking JOHN DOE appeared to have made some adjustment to his body camera.

15.     Both of the Officers were wearing body cameras.

16.     Plaintiff took his hand out of his pocket as directed.

17.     The Officers searched Plaintiff, including going into Plaintiff's pockets.

18.     The Officers seized a small bottle of liquor that Plaintiff had in Plaintiff's jacket pocket.

19.     The liquor bottle had the cap on it.

20.     Plaintiff had not drunk any of the liquor that was in the bottle.

21.     The Officers poured out the contents of the liquor bottle.

22.     The Officers also found an un-smoked marijuana cigarette in another of Plaintiff's pockets, and seized that as well.

23. Plaintiff told the Officer that he thought the marijuana cigarette was now legal in New York.

24. The Officers told Plaintiff that the marijuana cigarette was not legal, but that Plaintiff would only receive a summons for it and would not be arrested.

25. The Officers told Plaintiff to give them his identification, and Plaintiff did so.

26. The Officers ran a warrant check on Plaintiff.

27. The Officers told Plaintiff that there was a warrant for his arrest related to a hit and run from a year or two prior.

28. Plaintiff was not in New York at that time.

29. The Officers showed Plaintiff the picture of the person who was wanted on the warrant.

30. The person in the picture looked entirely dissimilar to Plaintiff.

31. The person in the picture had darker skin than Plaintiff.

32. The person in the picture had white or gray hair, and Plaintiff does not.

33. The person in the picture had a white or grey beard and mustache, and Plaintiff does not.

34. It was entirely obvious that the person in the picture was not Plaintiff, and Plaintiff told the Officers that it was not him.

35. Approximately half a dozen other JOHN DOES – some in uniform and some in plainclothes - had also arrived at the scene during Plaintiff's interactions with the initial two Officers.

36. Those other half a dozen JOHN DOES who arrived at the scene also told the

initial JOHN DOES Officers that the person in the picture was not Plaintiff.

37. One of the initial JOHN DOES responded to his colleagues, in sum and substance, by saying, "well, his name is attached to it."

38. Plaintiff was shown some name, but never was shown that his own name was linked to the warrant.

39. Plaintiff was handcuffed and taken to the NYPD 28th Precinct.

40. Plaintiff was placed in a cell at the precinct.

41. After a couple of hours in the cell, the Officers told Plaintiff that they had determined that the warrant was for him.

42. Plaintiff was moved to another cell at the precinct.

43. While at the precinct, Plaintiff was also issued two summonses, # 4442339217, falsely charging Claimant with possession of an open container of alcohol, and # 4442339203, falsely charging Claimant with unlawful possession of marijuana.

44. Both summonses were signed by Defendant SENGCO.

45. The following morning Plaintiff was taken to Manhattan Central Booking in a police car.

46. While being transported from the 28th Precinct to Manhattan Central Booking (a ride which took approximately forty minutes) on the morning of October 28, 2018, Plaintiff's right arm / shoulder area was injured through the intentionally and / or recklessly and / or negligently rough driving of the transporting JOHN DOES uniformed police officers while he was rear-handcuffed, and despite Plaintiff's complaints concerning the pain and injury he was sustaining through the rough driving.

47. Plaintiff asked these JOHN DOE transporting officers to drive more carefully because of the pain and injury they were causing to his right arm / shoulder area, but they did not do so.

48. At Central Booking the receiving officers initially refused to process Plaintiff, also stating that the picture did not depict Plaintiff, and that the name associated with the warrant was not Plaintiff's name.

49. At Central Booking Plaintiff asked for the handcuffs to be placed in front of his body because of the pain and injury he had suffered to his right arm / shoulder area, and the strain being placed on his right arm / shoulder area from continuing to be held rear-handcuffed, but that request was refused.

50. Other arrestees at Central Booking were front-handcuffed.

51. Plaintiff was brought to a couple of different courtrooms.

52. Plaintiff continued to be held in custody until approximately 12:30 p.m. on October 18, 2018, when he was released from custody by Criminal Court Judge Badamo based upon it being readily apparent that he was not the person sought by the warrant.

53. When he was released Plaintiff was given a document from the Criminal Court stating that he is not the individual wanted under docket # 2014NY053486.

54. JOHN DOES police officers also held Plaintiff rear-handcuffed, and in significant pain, for hours in Judge Badamo's courtroom despite Plaintiff's repeated complaints.

55. Plaintiff also requested medical attention from the JOHN DOES, but none was provided to him.

56. After he was released from custody, Plaintiff had to go back to the 28th Precinct to

get back his personal items that had been seized by the police.

57.     The false charges that had been lodged against Plaintiff on the summonses have been dismissed in their entirety.

**FIRST CLAIM**

**DEPRIVATION OF RIGHTS UNDER THE
UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

58.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

59.     By their conduct and actions in stopping plaintiff, seizing plaintiff, falsely arresting and imprisoning plaintiff, abusing process against plaintiff, wrongfully prosecuting plaintiff, violating rights to due process of plaintiff (including fabricating evidence against plaintiff), assaulting and battering plaintiff, trespassing upon plaintiff, violating rights to equal protection of plaintiff, endangering plaintiff's health and welfare, failing to provide adequate medical care for plaintiff, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, Defendants SENGCO, HERNANDEZ, JOHN DOES and/or RICHARD ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

60.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

61. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

62. By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants HERNANDEZ and RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

63. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

## LIABILITY OF DEFENDANT THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

64. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

65. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department and fire department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of

the unconstitutional conduct alleged herein.

66. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department and fire department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

67. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

68. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops, searches, arrests, and issuances of summonses, which are implemented disproportionately upon people of color. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

69. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto

policies, practices, customs and/or usages of failing to take appropriate steps to verify that an individual arrested on an outstanding warrant in fact is the person sought by the warrant. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

70. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

71. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

72. The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

73. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

74. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

75. By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

76. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### ASSAULT AND BATTERY

77. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

78. By the actions described above, defendants did inflict assault and battery upon the plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

79. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

**NEGLIGENCE**

80. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

81. The defendants, jointly and severally, negligently caused injuries and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

82. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## **EIGHTH CLAIM**

**NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING**

83. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

84. Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

85. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## **NINTH CLAIM**

## CONSTITUTIONAL TORT

86.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

87.     Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 11 and 12 of the New York State Constitution.

88.     A damages remedy here is necessary to effectuate the purposes of Article I, §§ 6, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

89.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

## TRESPASS

90.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

91.     The defendants willfully, wrongfully and unlawfully trespassed upon the property and person of plaintiff.

92.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

## ABUSE OF PROCESS

93. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

94. By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

95. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

## MALICIOUS PROSECUTION

96. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

97. By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

98. As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
            November 25, 2020

                                      _____/S/_____
                                      JEFFREY A. ROTHMAN, Esq.
                                      305 Broadway, Suite 100
                                      New York, New York 10007
                                      (212) 227-2980

                                      Attorney for Plaintiff